ARMAINDO v. FERGUSON.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

INNKEEPERS—DUTY TO FURNISH SAFEGUARDS AGAINST FIRE—ASSUMPTION OF
RISK.
    By staying at an hotel for six months, paying weekly rent, without ob-
    jecting to a failure to provide the room with a rope or other appliance
    for escaping in case of fire, a guest waives the provisions of Laws 1896,
    c. 376, § 40 ("Domestic Commerce Law"), requiring hotel keepers to pro-
    vide each lodging room with a rope or other appliance sufficient to en-
    able the guest to escape in case of fire.

Appeal from special term.

Action by Louisa Armaindo against Robert Ferguson. From an
order setting aside a verdict for plaintiff and granting a new trial,
plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD,
and McLENNAN, JJ.

Millard F. Brown, for appellant.
Moses Shire, for respondent.

FOLLETT, J. This action was begun December 31, 1896, to recover
damages of Robert Ferguson, owner, and Anton D'Andrea, the alleged
lessee, of No. 112 Main street, in the city of Buffalo, alleged to have
been used as an hotel, for the failure of the owner and occupant to pro-
vide "a rope or other better appliance" in a room occupied by the
plaintiff, and from which she attempted to escape during a fire. In
1896 the respondent was the owner of a large brick building, four
stories high, and known as "No. 112 Main Street," Buffalo. He leased
a portion of this building to Anton D'Andrea, or to Joseph Carlino,
which portion one or the other, or perhaps both, by turns, occupied
as a liquor saloon; having on the first floor an office and a bar, on
the second floor a kitchen and dining room, on the third floor six
rooms, and on the fourth floor six rooms. The rooms on the third
and fourth floors were occupied by renters and lodgers. No register
was kept in this hotel, which was run on the European plan.

Assuming, without deciding, that No. 112 was, November 1, 1896,
an hotel, within the meaning of section 40 of chapter 376 of the Laws
of 1896 (the "Domestic Commerce Law"), and assuming, without de-
ciding, that the plaintiff was an hotel guest, within the meaning of that
section, I think she waived all right to maintain an action against
    55 N.Y.S.—49

the defendant for injuries received by reason of his failure to supply her room with a rope. The plaintiff had occupied a room in this building for 10 months, and for 6 months had occupied the room in which she slept on the night of the fire, paying a weekly rent therefor, and eating when and where she chose. She knew that there was no rope in the room, but made no complaint. There were outside iron fire escapes, and the platform to one of them was directly under one of the windows opening out of the plaintiff's room, which window she kept nailed down to prevent unbidden persons from entering her room by the escape. The man who occupied the room with the plaintiff on the night of the fire escaped from the burning building by means of this fire escape, which the plaintiff, through fear or confusion, neglected to avail herself of, and jumped to the ground, receiving injuries, for which she seeks to recover damages. The plaintiff testified that she was 27 years of age, and for 10 years had been, by occupation, a professional bicycle rider, riding in races, and thereby, before her injuries, making a comfortable living, but by her injuries her health and strength have been so impaired that she is unable to make a living as before. In Huda v. Glucose Co., 154 N. Y. 474, 48 N. E. 897, it is held that a workman employed in a factory, which was within the statute requiring the owner to maintain fire escapes easily accessible from the workmen's room (Laws 1892, c. 673, § 6), might, by acquiescence, waive its provisions, and assume the risk incident to the absence of such escapes. In Willy v. Mulledy, 78 N. Y. 310, 315, the same rule is recognized. Under the authority of these cases, I think the learned trial judge correctly held that, under the evidence in this case, the plaintiff was not entitled to recover.

The order should be affirmed, with costs. All concur, except WARD, J., not voting.